# Cases

# FIRST DEPARTMENT

AT

## GENERAL TERM,

### October, 1887.

---

CHARLES STONE, as Administrator, etc., of SARAH STONE, Deceased, Appellant, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Respondent.

*Negligent killing of a child while crossing a street railway — what proof of the absence of contributory negligence must be given by the plaintiff — voluntary injury — a party to be guilty thereof must have notice of the danger when acting.*

Upon the trial of this action, brought by the plaintiff to recover damages occasioned by the death of his intestate, a child of seven years and three or four months old, it appeared that the child, who resided in the basement of her father's store in a house on Canal street, left this basement, proceeded to the south-easterly corner of Orchard and Canal streets, and while attempting to cross the street was struck by a car of the defendant rapidly approaching, the face of the driver being turned and his attention directed, at the time of the accident, to the inside of the car. No evidence was given upon the subject of the capacity or intelligence of the child, or to show that she looked in either direction before attempting to cross the street, and the proof showed that if she had looked there was nothing to have prevented her from seeing the approaching car.

Upon an appeal from a judgment, entered upon an order dismissing the complaint made at the circuit:

*Held,* that the judgment should be affirmed

That a claim made by the appellant that a recovery could be had, upon the ground that the driver, if attending to his business instead of looking into the car, could easily have seen the deceased and avoided the danger, and that the injury was, therefore, a voluntary one, could not be sustained.

That an injury can be voluntary only when the party is aware of the danger to which another is subject and, realizing the inevitable result, performs the act which inflicts the injury, that in this case there was no evidence that the driver was aware of the danger of the deceased until too late to avoid the injury.

That there was no evidence in the case which proved that the deceased was not guilty of contributory negligence.

That as no evidence as to the capacity or intelligence of the child was offered, and a child of seven years and four months may be *sui juris*, there was no evidence on which the jury could base a finding upon this subject.

APPEAL from a judgment dismissing the complaint.

The deceased was, at the time of her death, a child of seven years and three or four months old, and upon the day upon which she was injured had been at play in the basement of her father's store, in the house No. 39 Canal street, one block distant from the scene of the accident.

The deceased left this basement and proceeded to the south-easterly corner of Orchard and Canal streets, and attempted to cross the street. A car of the defendant was approaching rapidly, the face of the driver being turned and his attention directed to the inside of the car, and struck the deceased and inflicted such injuries that she died.

There is no evidence that the deceased looked in either direction before attempting to cross the street, and the proof showed that if she had looked that there was nothing to have prevented her from seeing the approaching car.

No evidence was given upon the subject of the capacity or intelligence of this child. Upon the completion of the plaintiff's evidence the complaint was dismissed, and from the judgment thereupon entered this appeal is taken.

*Adolph L. Sanger*, for the appellant.

*John M. Scribner*, for the respondent.

VAN BRUNT, P. J.:

The claim made by the appellant that a recovery could be had in the case at bar, because as the driver, if he had been attending to his business instead of looking in the car, could easily have seen

the deceased and avoided the danger, the danger was therefore a voluntary one, cannot be sustained. An injury can be voluntary only when the party is aware of the danger to which another is subject, and realizing the inevitable result, performs the act which inflicts the injury.

In the case at bar there is no evidence that the driver was aware of the danger of the deceased until too late to avoid the injury. He may have been guilty of negligence in not paying proper attention to his duties, but there is no evidence of voluntary injury.

The only question then is did the plaintiff prove that the deceased was not guilty of contributory negligence? If the infant was *sui juris*, then clearly under the authority of *Wendell* v. *New York Central, etc., Railroad Company* (91 N. Y., 420), she was guilty of contributory negligence in not avoiding the danger. But it is urged that the case cited has no application to the case at bar because the court decided the case of Wendell on the theory that the infant was *sui juris*, the evidence in the case having fully justified that assumption, and that the situation in the case at bar is different, there being no evidence that the plaintiff was *sui juris*, the court alone, without any evidence and without any authority having decided for itself that the infant was *sui juris* and having thus usurped the function of the jury. It is difficult to see how if no evidence upon this subject was offered, the court usurped the function of the jury as the jury are to pass upon the evidence and cannot be allowed to guess for the want of evidence. It was incumbent upon the part of the plaintiff to prove want of contributory negligence, and this he could only do if the infant was *sui juris* by showing that the child took reasonable precaution in crossing the street or if not *sui juris* that the parents had not been guilty of negligence in permitting the child to be on the street unattended. As no evidence whatever was offered as to the capacity or intelligence of the child, there was no evidence upon which the jury could base a finding one way or other. A child of seven years and four months may be *sui juris*. ( *Wendell* v. *N. Y. Central, etc., R. R. Co., supra.*) And if the child was *sui juris* she took no precautions whatever in crossing the street to avoid the danger of approaching cars, as she was bound to do. The plaintiff's case seems to have been fatally defective in this particular, and the jury

were properly relieved from the duty of speculating in the absence of evidence upon this subject.

The judgment appealed from must be affirmed, with costs

BARTLETT, J., dissented.

DANIELS, J. :

Special reliance has been placed upon the case of *Kenyon* v. *New York Central, etc., Railroad Company* (5 Hun, 479 ; affirmed in 76 N. Y., 607), as sustaining the right of the plaintiff to the submission of this case to the jury. But as the child injured in that case was of no more than the age of two and one-half years, while this intestate was seven years and three or four months old at the time of this accident, no such effect can be accorded to that authority. These additional years of the intestate must have greatly added to her judgment and increased her experience over the condition of the child in the other case, and impressed her with the necessity of observation and caution for the avoidance of personal danger and exposure to the risks of accidents. As far as that experience and judgment had been acquired she was bound in judgment of law to make use of it before undertaking the always, more or less, dangerous act of crossing a railway track. The law exacted no unreasonable precautions, but such only as her years and experience might reasonably be expected to supply.

The case in this respect was placed under the control of the decision made in *Wendell* v. *New York Central, etc., Railroad Company* (91 N. Y., 420), where a child of seven years was held to be subject to this degree of care in crossing or placing himself on a railway track. The great object of the law has been to protect persons against the chances of personal injury. And to promote that end it has required the reasonable observance of care on the part of all persons exposed to personal injuries from the omission of proper care on the part of others. To that extent, but no further, it has placed the responsibility on the person liable to be so injured or in cases of such immature years as to be incapable of the observance of that care, there the same duty is exacted in the way of protection from the parent, guardian or other custodian of the person. And when it has been observed by neither there can be no recovery for a negligent injury. This obligation to observe care was also held to

rest upon a boy of eight years of age in *Motel* v. *Sixth Avenue Railroad Company* (99 N. Y., 632). The principle as it has been here applied, even though it may seem harsh, was as legally applicable to the intestate.

She attempted to cross the railway without looking for the approach of the car, when by looking she could have seen it several blocks away. The view was unobstructed for that distance. The car was near her point of crossing when she stepped on the track, and was plainly observable if she had directed the slightest attention to it or in the direction from which it came. The testimony of the witnesses observing the accident, unite in proving that she did not look but endeavored to cross the track without bestowing any attention on the subject of approaching cars. And that omission was under these authorities such a failure to observe care as precluded the plaintiff from maintaining the action, even though the driver was himself careless also, as the jury could very well have found him to have been. For these reasons and those assigned by the presiding justice, the judgment should be affirmed.

Judgment affirmed with costs.